JOHN LEGGETT, appellant, v. CHARLES CHRISMAN, appellee.

*Appeal from Morgan.*

One of several defendants may appeal from a judgment of a justice of the peace, though the other defendants refuse to join in the appeal.

THE appeal, in the Court below, was dismissed at the March term, 1839, by the Hon. Stephen T. Logan.

WM. BROWN, for the appellant.

J. LAMBORN, for the appellee.

BROWNE, Justice, delivered the opinion of the Court :

This was a suit originally brought before a justice of the peace of Morgan county, by Charles Chrisman against John Leggett, who was impleaded with Francis A. Landram and James Tucker. Leggett, the appellant, pleaded *non est factum.* Judgment was rendered by the justice of the peace against all the defendants. Leggett appealed from the judgment of the justice of the peace, to the Circuit Court of Morgan county. The two other defendants refused to join in the appeal. In the Circuit Court the appellee moved to dismiss the appeal, because the other defendants had not joined in the appeal, which motion was sustained by the Court, and the suit dismissed accordingly. On a judgment against several parties, the writ of error must be brought in all their names, provided they are all living and aggrieved by the judgment ; for otherwise this inconvenience, would ensue, that every defendant might bring a writ of error by himself, and by that means delay the plaintiff from his execution for a long time, and from having any benefit of his judgment, though it be affirmed once or oftener ; and if the writ of error in such a case be brought by one or more of the defendants, it may be quashed, or the Court will give the plaintiff leave to take out an execution.(1)

If a writ of error be brought in the names of the several parties, and any one or more refuse to appeal and assign error, they must be summoned and severed, after which the writ of error may be proceeded in by the rest alone. These reasons do not apply to a court of a justice of the peace. No writ of error lies to that court ; the party is bound to appeal his suit in twenty days, or he is precluded. This practice is not productive of a delay. The judgment of the Circuit Court of Morgan county is reversed with costs.; and the cause remanded to be tried upon its merits.

*Judgment reversed.*

(1) 2 Tidd's Pract. 1190; Viner's Abridgt. 57–91; Cro. Eliz. 115; Story's Plead. 370.